UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SULAIMAN JALLOH,

  Petitioner,

  v.

BRIAN ENGLISH, SAMUEL OLSON,
KRISTI NOEM, and PAMELA BONDI,

  Respondents.

CAUSE NO. 3:26cv166 DRL-SJF

ORDER TO SHOW CAUSE

Immigration detainee Sulaiman Jalloh filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, he is a 48-year-old man from Sierra Leone.  He alleges he entered the United States in April 2001, using another person's tourist visa. In 2002, Mr. Jalloh filed for asylum. He says his asylum application was denied, and he was ordered removed on January 13, 2015. Mr. Jalloh does not say whether he was detained at that time or why he was not removed.

In 2019, Mr. Jalloh says he was granted deferred action based on the Violence Against Women Act (VAWA) and given employment authorization that expires in July 2026. He alleges he resides in Indiana with his wife and children, all of whom are United States citizens, and works as a truck driver.

Mr. Jalloh alleges that, on January 6, 2026, he was pulled over by United States Immigration and Customs Enforcement (ICE) agents and detained. He says he was told

he was being detained for removal. Mr. Jalloh alleges his detention is unlawful because his removal is not reasonably foreseeable based on the grant of deferred action.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The court has jurisdiction to review the legality of Mr. Jalloh's detention under 8 U.S.C. § 1231(a).

Mr. Jalloh includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents, keeping the Warden of Miami Correctional Facility as the sole respondent. The court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

When answering the petition, the Warden should consider that some issues regarding re-detention under 8 U.S.C. § 1231(a) have already been decided by the court. The court has determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a), *see Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026), and that the court has the authority to determine whether a noncitizen, who remains present within the country and who has been ordered removed, has been detained longer than necessary to secure removal, *see id.* at 3-5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Suarez Martinez*, 543 U.S. 371 (2005)).

To the extent the parties would raise the same arguments regarding subject matter jurisdiction or the applicable standard for analysis already discussed in *Liang* (or in the cases it cites), there is no need to rehash these same arguments. The parties may preserve their points, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's decision in *Liang*, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and then those issues particular to this petitioner. Naturally, the record of whether a petitioner has met his burden of showing, or whether the government has rebutted this showing, that there is no significant likelihood of removal in the reasonably foreseeable future will be unique to each petitioner.

For these reasons, the court:

(1) DENIES the motion to show cause (ECF 3) as MOOT;

3

(2) DISMISSES without prejudice Former Attorney General Pamela Bondi, Former Secretary of the Department of Homeland Security Kristi Noem, and Field Office Director of ICE for the Chicago Office Samuel Olson;

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) ORDERS those listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) ORDERS the respondent to file a brief status report by **May 12, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Sulaiman Jalloh from the United States in the next thirty days and, if so, to where; and

(7) ORDERS the respondent to answer the petition by **May 18, 2026**, including, in addition to any other relevant evidence, (a) the status of petitioner's deferred action under VAWA; (b) a copy of any Order of Supervision that was revoked, a copy of any decision revoking his Order of Supervision, and any documentation relevant to those decisions; (c) the date of the informal interview and any other custody reviews following petitioner's re-detention and documentation from those matters, and (d) the dates any

4

travel documents have been requested and the countries from which those travel documents have been requested; and

(8) GRANTS the petitioner until **June 8, 2026**, to file a reply in support of his petition.

SO ORDERED.

May 11, 2026                                        s/ Damon R. Leichty
                                                   Judge, United States District Court